■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BARRETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 16, 1987, convicting him of murder in the second degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he proved his affirmative defense of duress through his confession which was admitted at trial during the testimony of the investigating officer. The defendant confessed to being at the scene of the crime but stated that he only acted as a lookout because the two perpetrators of the crime forced him to do so at gunpoint. On appeal, the defendant asserts that since the exculpatory portion of his confession was neither unbelievable nor disputed by the prosecution, the jury was required to accept it, if it accepted the inculpatory portion *(see, People v Dlugash,* 41 NY2d 725). However, contrary to the defendant's claim, we

find that the exculpatory portion of the confession was disputed and therefore, the jury was free to reject it. One of the disputed portions of the confession concerns the identity of one of the alleged perpetrators. The defendant's confession stated that an individual named Shamel was one of the perpetrators. However, two of the prosecution's witnesses knew Shamel and testified that they did not see him at the scene of the crime. Another disputed portion of the defendant's confession concerns the defendant's statement that after he heard the gun shots, he walked away by himself from the corner where he was acting as a lookout. At trial, one of the prosecution's witnesses stated that she saw the defendant and another man jogging away from the scene of the crime. Further, and most importantly, it was disputed at trial whether the defendant was a passive participant (i.e., a lookout) as alleged in his confession. At trial, an eyewitness to the crime testified that there was one tall and one short assailant. Another witness testified that she saw a tall man and a short man running away from the scene of the crime and she identified the tall man as the defendant. Therefore, there was testimony presented that demonstrated that the defendant may have been an active participant and not simply a lookout as alleged. Accordingly, since the exculpatory portions of the defendant's confession were disputed by other evidence in the case, the jury could properly reject those portions thereof (see, People v Dlugash, supra).

The defendant also contends that the trial court erred when it precluded the defense counsel from questioning one of the prosecution's witnesses about her knowledge of the prior arrests of Shamel. The defense counsel claimed that the witness might have a motive to lie if she were afraid of Shamel's potential retribution. We find that the trial court properly precluded this line of questioning since the defense never tendered proof of the alleged fear or motive to lie (cf., People v Wade, 99 AD2d 474).

The sentence imposed was neither harsh nor excessive under the circumstances (see, People v Suitte, 90 AD2d 80). Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.